UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:05CV-238- M

**LATISHA D. HOPSON**                                                                                          **PLAINTIFF**

**v.**

**WAL-MART**
**WAL-MART SUPER CENTER**                                                                  **DEFENDANTS**

**OPINION**

The plaintiff, Latisha D. Hopson, files this *pro se* damages action against Wal-Mart and Wal-Mart Super Center (collectively referred to as "Wal-Mart" for the purposes of this decision), alleging defamation and false imprisonment and violations of Title VII of the Civil Rights Act of 1964, the Fourth and Fourteenth Amendments under 42 U.S.C. § 1983, and KRS § 433.236 (DN 1). Because Hopson is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the claims asserted under Title VII, § 1983, and KRS § 433.236 will be dismissed, but the state law claims of false imprisonment and defamation will continue based on diversity of citizenship.

**I.**

The plaintiff alleges that on or around December 9, 2004, she and her mother[1] and her mother's niece and brother went to Wal-Mart. The plaintiff and her mother went to the lay-a-way department at the rear of the store, made an exchange of items, and were given a receipt for the exchange. The two women went to the front entrance to wait on their other two family members.

---

[1] The plaintiff's mother, Ruby M. Hopson, filed an identical action against Wal-Mart and Wal-Mart Super Center. See Civil Action No. 5:05CV-237-R.

As the plaintiff and her mother were about to exit the front door, two Wal-Mart employees[2] grabbed, pulled, and jerked on their arms and screamed that the plaintiff and her mother were stealing. According to the plaintiff, the front of the store was "full of all white consumers and employees of Wal-Mart." The plaintiff and her mother were then taken, "unlaw[ful]ly and unwilling and without a warrant or cause," into a locked, block building without windows, where they remained for about 1½ hours until they were finally released. No stolen items were found. The plaintiff contends that the foregoing actions were performed "in the presence of all white persons, with only the plaintiffs and family members being black" for the purposes of humiliation, discrimination, harassment, and embarrassment.

## II.

Because the plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, this Court must dismiss a case at any time if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the court must accept all factual allegations contained

---

[2] The plaintiff identified the two employees as Paula and Jessica, according to their name tags.

in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.

#### A. Title VII

"Congress enacted Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., to assure equality of *employment* opportunities by eliminating those practices and devices that discriminate on the basis of race, color, religion, sex, or national origin." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974) (emphasis added). "It creates statutory rights against invidious discrimination in *employment* and establishes a comprehensive scheme for the vindication of those rights." *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 457-58 (1975) (emphasis added). Because Title VII applies only in the employment setting, a circumstance which is not present under the facts before this Court, the Title VII claim must be dismissed.

#### B. 42 U.S.C. § 1983

The plaintiff alleges a violation of 42 U.S.C. § 1983. Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Here, the plaintiff asserts violations of the Fourth and Fourteenth Amendments, but she fails to demonstrate that Wal-Mart was acting under color of state law.[3]

---

[3]Even independent of § 1983, both the Fourth and Fourteenth Amendments require state action. *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948) ("[T]he action inhibited by the first section of the Fourteenth

Wal-Mart is a private party. To set forth a cognizable § 1983 claim against a private party, a plaintiff must show that its actions were "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992). The Supreme Court has articulated three tests for determining whether a private party's actions can be fairly attributable to the state. *Lugar v. Edmondson Oil Co.,* 457 U.S. at 936-39. The three tests are: (1) the public function test, *West v. Atkins*, 487 U.S. 42, 49-50 (1988); *Flagg Bros. v. Brooks*, 436 U.S. 149, 157 (1978); (2) the nexus test or symbiotic relationship test, *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721-26 (1961); and (3) the state compulsion test, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170 (1970); *see also Wolotsky v. Huhn*, 960 F.2d 1331 (6th Cir. 1992) (discussing the three tests).

The public function test requires that the private actor exercise powers which are traditionally and exclusively reserved to the state, such as holding elections or eminent domain. *Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995). In *Chapman v. Higbee Co.*, 319 F.3d 825 (6th Cir. 2003), the Sixth Circuit concluded that a store's security officer, who was an off-duty sheriff's deputy wearing his official sheriff's department uniform, badge, and sidearm, "was not performing a function exclusively reserved to the State when he stopped and searched" the plaintiff customer. *Id.* at 834 (relying on *White v. Scrivner Corp.*, 594 F.2d 140, 142 (5th Cir. 1979), which held that "[a] merchant's detention of persons suspected of stealing store property simply is not an action exclusively associated with the state. . . . A storekeeper's central motivation

---

Amendment is only such action as may fairly be said to be that of the States. That Amendment erects no shield against merely private conduct, however discriminatory or wrongful."); *Burdeau v. McDowell*, 256 U.S. 465, 475 (1921) (indicating that the Fourth Amendments "origin and history clearly show that it was intended as a restraint upon the activities of sovereign authority, and was not intended to be a limitation upon other than governmental agencies").

4

in detaining a person whom he believes to be in the act of stealing his property is self-protection, not altruism."). Consistent with the Sixth Circuit's holding in *Chapman*, the Court concludes that Wal-Mart's detention of the plaintiff and her mother was not an exclusive state function. Consequently, Wal-Mart is not a state actor under the public function test.

"Under the symbiotic relationship or nexus test, the action of a private party constitutes state action when there is a sufficiently close nexus between the state and the challenged action of the [private party] so that the action of the latter may be fairly treated as that of the state itself." *Wolotsky v. Huhn*, 960 F.2d at 1335. "[I]t must be demonstrated that the state is intimately involved in the challenged private conduct in order for that conduct to be attributed to the state for purposes of section 1983." *Id.* The Court finds no such nexus in this case. The plaintiff has wholly failed to allege any facts demonstrating an intimate association between any employee's action and the Commonwealth. Accordingly, the Court concludes that Wal-Mart is not a state actor under the symbiotic or nexus test.

Finally, "[t]he state compulsion test requires that a state exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wolotsky v. Huhn*, 960 F.2d at 1335. More than mere acquiescence or approval by the state in the alleged wrongful actions is necessary. *Id.* As with the symbiotic or nexus test, the plaintiff has alleged no facts to suggest any state actor or entity acquiesced in or approved of any of the alleged wrongful conduct, much less coerced such action. Wal-Mart thus fails the state compulsion test.

As the plaintiff has failed to demonstrate that Wal-Mart's detention of her and her mother was "fairly attributable to the state," she has failed to state a cognizable cause of action under § 1983, and the claims asserted thereunder must be dismissed.

### C. State law claims

Finally, the plaintiff asserts a violation of KRS § 433.236 and alleges claims of false imprisonment and defamation (slander). The statute to which she refers is Kentucky's shoplifting statute, which "was enacted in 1958 to give merchants some assistance in dealing with shoplifters by providing a limited defense to a charge of false imprisonment." *Wal-Mart Stores, Inc. v. Mitchell*, 877 S.W.2d 616 (Ky. Ct. App. 1994) (citing *SuperX Drugs of Ky., Inc. v. Rice*, 554 S.W.2d 903, 905 (Ky. Ct. App. 1977)). As that statute was enacted as a defense for a defendant charged with false imprisonment and not as a means by which a plaintiff may pursue a claim of false imprisonment, any claim asserted thereunder is frivolous and must be dismissed. The plaintiff's claims of false imprisonment and defamation (slander), however, are allowed to continue beyond initial review under the federal diversity statute, 28 U.S.C. § 1332.

The Court will enter an Order consistent with this Opinion.

Date:  April 10, 2006

*Joseph H. McKinley, Jr., Judge*
United States District Court

cc:     Plaintiffs, *pro se*
        Defendants
4413.005